

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# USA v. Grumt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Grumt" (2008). *2008 Decisions.* Paper 115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3914

_____

UNITED STATES OF AMERICA

v.

KEVIN GRUMT,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 01-cr-00031)
District Judge: Honorable Harold A. Ackerman

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2008

Before: BARRY and CHAGARES, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

(Opinion Filed: December 12, 2008)

_____

OPINION

_____

RESTANI, <u>Judge</u>.

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

Kevin Grumt appeals his sentence after pleading guilty to committing mail fraud, in violation of 18 U.S.C. § 1341 and § 2. He challenges the District Court's application of a two-level sentencing enhancement for abuse of a position of trust under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 3B1.3.[1] We will affirm the sentence.

Grumt worked as a surveyor for a marine insurance adjusting company. As a surveyor, Grumt inspected damaged boats and marinas and submitted damage estimates to insurance companies via fax and mail. The insurance companies would issue and mail checks to the insured parties based on Grumt's findings. From 1993 to 1996, Grumt engaged in a fraud scheme whereby he submitted inflated estimates and fabricated damages to insurance companies in exchange for a portion of the insurance proceeds from the insureds. Grumt also set up a sham boat repair business to facilitate the scheme. Grumt defrauded over $800,000 from the insurance companies.

In 2001, Grumt pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341 and § 2. At the sentencing hearing, the District Court adopted the Probation Department's recommendation and applied a two-level abuse of position of trust enhancement, pursuant to U.S.S.G. § 3B1.3.[2] The Court sentenced Grumt to forty-eight

---

[1] The District Court applied the 1995 edition of the Guidelines.

[2] Both Grumt and the Government objected to application of the enhancement. Although, during the sentencing hearing, the Government "stood by its stipulations in the Plea Agreement," which did not seek to impose the enhancement, it reserved the right to oppose any appeal of the sentence.

months of imprisonment.[3]  Grumt challenges the District Court's application of the enhancement as not being supported by sufficient evidence.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  Under U.S.S.G. § 3B1.3, a two-level enhancement is warranted if a "defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense."  In deciding whether the enhancement is applicable, we must determine whether a position of trust existed and whether that position had been abused in a manner that significantly facilitated the crime.  United States v. Iannone, 184 F.3d 214, 222 (3d Cir. 1999).  We review de novo the District Court's determination of whether the defendant occupied a position of trust, and for clear error whether the defendant abused the position.  Id.

> We consider three factors in determining whether a position of trust exists:
>
> (1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in the defendant vis-a-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position.

Id. at 223 (quoting United States v. Pardo, 25 F.3d 1187, 1192 (3d Cir. 1994)).  Abuse of a position of trust in a manner that facilitated the crime occurs where a victim "relies on another's integrity for protection against the loss occasioned by the crime, and where the

---

[3]  According to the PSR, Grumt had a criminal history category of VI and an offense level of 20, which yielded a sentencing range of seventy to eighty-seven months.  The statutory maximum sentence, however, was sixty months.  The District Court adopted the PSR's recommendations but granted a downward departure under U.S.S.G. § 5K1.1.

3

trust aspect of the position made the commission of the crime easier." United States v. Thomas, 315 F.3d 190, 205 (3d Cir. 2002); see also United States v. Hickman, 991 F.2d 1110, 1112 (3d Cir. 1993) ("To abuse a position of trust, a defendant must, by definition, have taken criminal advantage of a trust relationship between himself and his victim.").

Here, the evidence supports the District Court's finding that Grumt occupied a position of trust. His position as a surveyor enabled him to submit undetected fraudulent estimates for three years. Grumt did not dispute that there was a dearth of oversight over his inspections and estimates. He also did not dispute that the insurance companies relied on his reports and estimates in paying out insurance claims. As the District Court noted, Grumt was hired "to make sure the insureds were not trying to defraud the insurance company." (App. 25.) The District Court also committed no error in concluding that Grumt abused a position of trust in a manner that significantly facilitated the crime, as the evidence shows that the insurance companies' reliance on Grumt as a surveyor made commission of the crime easier.

Based on the foregoing, we will affirm the judgment of conviction and sentence.